8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
TRACT 1 GRANVILLE COUNTY LAND, Located in the City of
Oxford, Granville County, North Carolina, having the street
address of 207 Summitt Avenue, Oxford, North Carolina, being
more particularly described in a deed recorded in Book 233,
page 454 of the Granville County Registry, being titled in
the name of Mary J. Peace, and any and all proceeds from the
sale of said property defendant, Defendant-Appellee.
 No. 93-1399.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 3, 1993.
Decided: October 25, 1993.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.
 James R. Dedrick, United States Attorney, Stephen A. West, Assistant United States Attorney, Office of the United States Attorney, Raleigh, North Carolina, for Appellant.
 E.D.N.C.
 VACATED AND REMANDED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 The government appeals from a district court order that dismissed its complaint seeking forfeiture of the defendant parcel of property under 21 U.S.C.A. § 881(a)(6) (West 1981 & Supp. 1993). Because the government sought forfeiture of the property under section 881(a)(6) and the court considered the action under section 881(a)(7), we vacate the district court's order and remand the case to the district court for consideration under the appropriate section of the statute.
 
 
 2
 The defendant property is titled in the name of Mary J. Peace, who is also known by her married name, Julia Peace Perry.[1] According to an affidavit from a Drug Enforcement Agency agent, Mrs. Perry lives in a home on the property with her husband, Isaac Perry, who allegedly headed an organization involved in cocaine trafficking and money laundering. The government attached the affidavit to its complaint for forfeiture of the property under 21 U.S.C. § 881(a)(6). The district court found that there was insufficient evidence to support a finding of probable cause to believe that the property was used or was intended to be used to facilitate a drug trafficking crime, and that the property, therefore, was not forfeitable under section 881(a)(7).[2]
 
 
 3
 In forfeiture proceedings under section 881(a)(6), the government has the initial burden of demonstrating probable cause to believe there is a substantial connection between the property to be forfeited and the criminal activity. United States v. Thomas, 913 F.2d 1111, 1114 (4th Cir. 1990). The burden then shifts to the claimant to establish by a preponderance of the evidence that the property was not acquired in violation of the law or otherwise linked to illegal drug activity. Id. If the claimant is unable to demonstrate in rebuttal that the property was not involved with drug activity, the government's showing of probable cause will support the forfeiture. Id. This Court reviews the district court's determination of probable cause de novo. United States v. $95,945.18 United States Currency, 913 F.2d 1106, 1110 n.6 (4th Cir. 1990).
 
 
 4
 While we express no opinion as to whether the government established probable cause for forfeiture of the property under 21 U.S.C. § 881(a)(6), we vacate the district court's order dismissing the complaint and remand the action for the court to consider the government's complaint under the appropriate section of the statute. We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Because a warrant for arrest of the property in rem never issued, Mrs. Perry has never appeared to assert her interests as a claimant of the property
 
 
 [2]
 The court mistakenly stated that the government sought forfeiture under section 881(a)(7) when the complaint explicitly states that the government sought forfeiture under section 881(a)(6)"of conveyances and real property which constitutes proceeds traceable to the exchange of controlled substances."